J-S05033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY CESAIRE | |
| Appellant | No. 1121 WDA 2014 |

Appeal from the Order Entered June 12, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0017508-2008

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 24, 2015**

Appellant, Troy Cesaire, appeals from the June 12, 2014 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46.  We affirm in part, vacate in part, and remand.

Police arrested Appellant on November 5, 2008 and charged him with possession of a controlled substance, possession with intent to deliver a controlled substance, and criminal use of a communication facility.[1]  At the conclusion of a September 10, 2012 bench trial, the trial court found Appellant guilty of those offenses and immediately imposed an aggregate three to ten years of incarceration.  Appellant filed a timely notice of appeal

_____

[1]  35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 7512, respectively.

from the judgment of sentence, but discontinued that appeal, on appellate counsel's advice, on January 2, 2013.

On January 24, 2013, Appellant filed this timely first PCRA petition. Appointed counsel filed an amended petition on November 4, 2013. On March 28, 2014, the PCRA court issued an order scheduling a hearing a hearing on a single issue and notifying its intent, pursuant to Pa.R.Crim.P. 907, to deny relief on the remaining issues. The hearing took place on June 12, 2014. At its conclusion, the PCRA court issued an order denying relief. This timely appeal followed. Appellant raises three arguments:

1. Whether [Appellant] is entitled to additional credit for the period of November 6, 2008 to April 4, 2009 as he was detained for that period on account of the instant matter and credit for that period was not applied to any other case/matter?

2. Whether direct appeal counsel was ineffective in advising [Appellant] to discontinue the [direct appeal] because the denial of suppression was meritless when, in fact, said claim was arguably meritorious in light of *Commonwealth v. Washington*, 51 A.3d 895 (Pa. Super. 2012)?

3. Whether the Court of Common Pleas erred and/or abused its discretion in not holding an evidentiary hearing on the second question presented?

Appellant's Brief at 3.

We review an order denying collateral relief to determine whether the record supports the PCRA court's findings and whether the court's ruling was free of legal error. *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013). "This Court grants great deference to the findings of the

- 2 -

PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.*

Appellant first argues the PCRA court erred in refusing to award proper credit for time served. Appellant asserts his November 5, 2008 arrest resulted in his incarceration from November 6, 2008 to April 4, 2009 on a probation detainer. Appellant also asserts he has not received credit toward any sentence for that time. This issue implicates the legality of Appellant's sentence, and therefore is not waivable. *See Commonwealth v. Menezes*, 871 A.2d 204, 207-08 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005). The Commonwealth concedes as much. Commonwealth's Brief at 14. Likewise, this issue is cognizable under the PCRA. *Commonwealth v. Davis*, 852 A.2d 392, 399-400 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1197 (Pa. 2005); *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004).

Notwithstanding the foregoing, the Commonwealth raises a jurisdictional challenge we must address before we reach the merits. Appellant did not plead this issue in his *pro se* petition or amended, counseled petition. Rather, he raised it for the first time on appeal. The Commonwealth argues Appellant's failure to plead this issue in a timely

PCRA petition or amended petition[2] deprived the PCRA court of jurisdiction to award relief. In effect, the Commonwealth argues Appellant's introduction of this issue in a supplemental Pa.R.A.P. 1925(b) statement amounts to an untimely, serial PCRA petition.

Well-settled precedent provides that a collateral challenge to the legality of a sentence must meet the PCRA's jurisdictional timeliness requirements. **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*), *appeal denied*, 917 A.2d 844 (Pa. 2007). Thus, the question before us is whether Appellant's failure to plead this issue in a timely petition or amended petition deprived the PCRA court of jurisdiction. The Commonwealth relies on **Commonwealth v. Williams**, 900 A.2d 906 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 1102 (Pa. 2007). **Williams** is inapposite. In **Williams** and its companion case, **Commonwealth v. Jacobs**, 900 A.2d 368 (Pa. Super. 2006) (*en banc*),

---

[2] In this case, Appellant filed his amended counseled petition within one year of the finality of his judgment of sentence. To the extent the Commonwealth suggests an amended petition cannot include new claims if the petitioner files it outside of the one-year deadline for the original petition, the Commonwealth is incorrect. Nothing in the PCRA statute or the applicable Rules of Criminal Procedure requires a petitioner to file an amended petition within one year of the finality of the judgment of sentence. Indeed, Rule 905 permits amendment "at any time" and provides amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). The instant case is not one in which the Commonwealth can allege "inordinate delay" between the original and amended petitions. **See Commonwealth v. Weatherhill**, 24 A.3d 435, 439 (Pa. Super. 2011), *appeal denied*, 63 A.3d 777 (Pa. 2013).

*appeal denied*, 917 A.2d 313 (Pa. 2007), this Court held the right of allocution does not implicate the legality of a sentence and is therefore waivable. ***Williams***, 900 A.2d at 911. Accordingly, the petitioner's failure to include it in his PCRA petition in accord with Pa.R.Crim.P. 902(B)[3] resulted in waiver. ***Id.*** Moreover, the petitioner could not have avoided waiver by including the issue in a Pa.R.A.P. 1925(b) statement. ***Id.***

The instant case is distinguishable because binding precedent establishes that Appellant's issue implicates the legality of his sentence. Though Appellant did not raise this issue until after he filed his appeal, he filed a timely PCRA petition and thereby invoked the PCRA court's jurisdiction over issues cognizable under the PCRA statute. We therefore reject the Commonwealth's jurisdictional challenge to Appellant's first issue.

The PCRA court deemed this issue moot, noting Appellant was released on parole on January 21, 2014. We disagree. "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." ***Commonwealth v. Nava***, 966 A.2d 630, 632-633 (Pa. Super. 2009). Appellant asserts this issue is not moot because his consecutive sentence of probation will start later than it otherwise would absent proper credit for time served. In addition, we

_____

[3] "Each ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P.902(B).

observe that proper credit for time served would be relevant in the event of a parole revocation. For these reasons, a decision on this issue will indeed have practical effect for Appellant and we decline to dismiss the issue as moot.

Turning finally to the merits, the PCRA court's Pa.R.A.P. 1925(a) opinion states only that Appellant is not entitled to credit for time served on an unrelated sentence. PCRA Court Opinion, 11/4/14, at 6-7. From that statement, we infer Appellant has not received credit toward the instant sentence for the time he served from November 6, 2008 to April 4, 2009 on the probation detainer. Section 9760 of the Judicial Code requires a trial court to give the defendant credit against his sentence for time served in prison prior to trial, during trial, pending sentence and pending the resolution of an appeal. 42 Pa.C.S.A. § 9760(1). Further, § 9760 requires a trial court to give credit for time served where a defendant eventually is incarcerated on charges other than those leading to his arrest. 42 Pa.C.S.A. § 9760. Where, as here, an arrest for a new offense results in imprisonment on a probation detainer, the trial court must credit the time served toward either the sentence resulting from the new offense, or a sentence imposed after revocation of probation. **Commonwealth v. Smith**, 853 A.2d 1020, 1025-26 (Pa. Super. 2004). We cannot discern from the record before us whether Appellant has received credit for the time in dispute. We therefore

remand to the PCRA court for reconsideration of this issue in accordance with this memorandum.

Next, Appellant argues his appellate counsel was ineffective for advising him to discontinue his direct appeal and file a PCRA. Appellant believes he had a meritorious challenge to the trial court's denial of his pretrial suppression motion and that this Court would have vacated his judgment of sentence and remanded for a new trial.

To prevail on this claim, Appellant must establish (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) counsel's ineffectiveness prejudiced Appellant. *Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014). Failure to establish any one of these three prongs is fatal to Appellant's claim. *Id.*

Appellant relies on *Commonwealth v. Washington*, 51 A.3d 895 (Pa. Super. 2012) to establish his claim is of arguable merit. In *Washington*, the defendant fled unprovoked just as plain clothes police officers approached in an unmarked police vehicle. *Id.* at 899. The defendant was in a high crime area at the time of his flight. *Id.* The defendant fled the scene before he had time to observe a badge around the neck of an officer who exited the unmarked police car. *Id.* Since the record failed to establish the defendant knew he was fleeing police, this Court held the defendant's flight did not justify an investigative detention. *Id.*

Instantly, as in **Washington**, Appellant fled from plain clothes police officers patrolling in an unmarked police vehicle. He argues **Washington** is controlling because the record contains no evidence to support a finding that Appellant knew he was fleeing police. The record does not support Appellant's argument. Officer Thomas Gault ("Officer Gault"), a narcotics officer for the City of Pittsburgh police department, was patrolling a high crime area in McKeesport when he came upon Appellant. N.T. Suppression, 9/10/12, at 5-6. As Officer Gault was driving with the vehicle's windows open, he "heard somebody yell loud and clear them boys, them boys, which is a signal that we're coming." **Id.** at 7. The prosecutor asked: "When you say 'a signal that we're coming,' who do you mean by 'we're?'" **Id.** Officer Gault replied: "That the police, the undercover police in particular." **Id.** Immediately thereafter, Officer Gault turned a corner in his vehicle and observed Appellant. **Id.** at 8. Appellant put his right hand in his pocket and quickly walked away, glancing at the unmarked car several times. **Id.** at 8-9, 11. When Officer Gault stopped the car and stepped out with his badge around his neck, Appellant ran. **Id.** at 9, 11-12.

The trial court denied Appellant's suppression motion based on Appellant's unprovoked flight after an unidentified bystander shouted out a warning of the presence of undercover police officers. **Id.** at 57. In other words, the trial court credited Officer Gault's testimony and found as fact that Appellant knew he was fleeing from police. On direct appeal, an

appellate court defers to a suppression court's findings of fact so long as the record supports them: "Our review is limited to determining whether the record supports the findings of fact of the suppression court and whether the legal conclusions drawn from those findings are correct." ***Commonwealth v. Briggs***, 12 A.3d 291, 320 (Pa. 2011), *cert. denied*, 132 S. Ct. 267 (2011). Here, the record supports the suppression court's finding that Appellant was aware of police presence when he fled. As such, ***Washington*** is inapposite. Appellant, relying solely on his purported lack of knowledge of the presence of police, has failed to establish arguable merit in support of his assertion of ineffective assistance of counsel. Appellant's second argument lacks merit.

Finally, Appellant argues the PCRA court erred in declining to conduct a hearing regarding the issue we have just addressed. Rule 907 permits the PCRA court to deny collateral relief without a hearing if "the judge is satisfied […] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief." Pa.R.Crim.P. 907(1). Given our analysis of Appellant's second argument, we do not believe a hearing on that issue would shed light on a genuine issue of material fact. A review of the suppression transcript and the applicable law provided the PCRA court with a sufficient basis to deny relief on that issue. Appellant's third and final argument also lacks merit.

In summary, we vacate the PCRA court's order insofar as it denied relief on Appellant's request for credit for time served. On remand, the PCRA court must assess whether Appellant received proper credit for the period of incarceration from November 6, 2008 to April 4, 2009. In all other respects, we affirm the PCRA court's denial of relief.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015