J-A16045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN ALEXANDER SCHRAUGER | : | |
| | : | |
| Appellant | : | No. 2038 MDA 2019 |

Appeal from the PCRA Order Entered November 20, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002888-2016

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED OCTOBER 22, 2020**

Jordan Alexander Schrauger ("Schrauger") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The trial court previously summarized the factual history as follows:

On June 5, 2016, Elizabeth Beaulac [("Beaulac")] had an altercation with her fiancé, [Schrauger], who physically assaulted her. They were out drinking and when they [returned] home, [Schrauger] wanted to have sex with []Beaulac. [After] she said no[, Schrauger] slapped her … across the back of the head. While []Beaulac was trying to get away from [Schrauger], he grabbed her hair and pulled her back onto the bed. [Schrauger] kept [Beaulac] confined to the bedroom for [30 minutes], during which time []Beaulac asked him to let her go. [Schrauger] eventually let her out of the bedroom. [Beaulac attempted to leave the apartment], but [Schrauger] stopped her and put his hands over her face and nose until she was unable to breathe. [Schrauger eventually] released her[,] but then punched her about six times in the right eye[,] causing a laceration under her eye, a lump, and a contusion. At some point[, Schrauger] stopped and called 911. [Schrauger] then fled the apartment. [Police arrived shortly

afterwards, and] Beaulac gave a short account of what happened [before] she was taken to the hospital….

Trial Court Opinion, 11/16/17, at 2.

On August 8, 2017, Schrauger was convicted by a jury of aggravated assault, simple assault, false imprisonment, recklessly endangering another person, and harassment.[1, 2] The trial court subsequently sentenced Schrauger to five to ten years in prison for the aggravated assault conviction, followed by five years of probation for the false imprisonment conviction, plus fines and costs. The remaining charges of simple assault, recklessly endangering another person, and harassment merged for sentencing purposes. Schrauger filed a timely post sentence Motion, which the trial court denied. This Court affirmed Schrauger's judgment of sentence on April 3, 2018. **_Commonwealth v. Schrauger_**, 190 A.3d 680 (Pa. Super. 2018) (unpublished memorandum). Schrauger did not seek allowance of appeal in the Pennsylvania Supreme Court.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2903, 2705, 2709(1).

[2] Relevant to this appeal, Schrauger was also charged at a separate docket number, CP-06-CR-4930-2016 ("4930-2016"), with intimidation of a witness (18 Pa.C.S.A. § 4952(a)(3)), stalking (18 Pa.C.S.A. § 2709.1(a)(2)), and harassment (18 Pa.C.S.A. § 2709(a)(4)). Schrauger did not appeal his conviction in that case and accordingly, it is not before this Court for review. However, as discussed _infra_, in two of the three plea offers subject to this appeal, the Commonwealth's plea offers included a plea to the intimidation of a witness charge at 4930-2016.

On April 30, 2018, Schrauger, *pro se*, filed the instant, timely PCRA Petition. The PCRA court appointed Schrauger counsel, who filed an Amended PCRA Petition. In the Amended PCRA Petition, Schrauger claimed that his trial counsel was ineffective for failing to adequately convey the Commonwealth's plea offers to him, based upon counsel's failure to inform Schrauger that he would not be pleading guilty to aggravated assault. Additionally, Schrauger asserted that his trial counsel rendered ineffective assistance by failing to play a recording of the 911 call at trial. Further, Schrauger claimed that his trial counsel advised him that they were unlikely to succeed at trial, but would be successful on appeal. Following a hearing, the PCRA court denied Schrauger's Petition. Schrauger timely filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Schrauger now presents the following claims for our review:

1. Did the PCRA court err in denying post-conviction relief since [Schrauger]'s Sixth Amendment right to effective assistance of counsel during plea negotiations was violated[,] given the admission by plea counsel that she couldn't "recall specifically" whether she took the second plea offer to [Schrauger,] but could remember only that she "did discuss" the plea offer with him[,] and given that she did not testify that she disclosed the full contents and details of the written plea offer to him?

2. Did the PCRA court err in denying post-conviction relief since [Schrauger]'s Sixth Amendment right to effective assistance of counsel during plea negotiations was violated given the admission by plea counsel that she did not mail or otherwise deliver a copy of the written plea offer to [Schrauger]?

3. Did the PCRA court [*sic*] in denying post-conviction relief in violation of the U.S. Supreme Court standard in [***Missouri v. Frye***], 566 U.S. 134 (2012)[,] as Pennsylvania does not have

adequate "measures to help ensure against late, frivolous, or fabricated claims" of uncommunicated plea offers?

Brief for Appellant at 7 (renumbered).

Our standard of review of an order denying [a] PCRA [petition] is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (internal citations omitted).

Schrauger's first two claims are related, and we address them together. In his first claim, Schrauger argues that his trial counsel's failure to communicate the specific contents of the plea offers violated his right to effective counsel. Brief for Appellant at 14, 16. Schrauger cites *Missouri v. Frye*, 566 U.S. 134, 145 (2012), in which the U.S. Supreme Court held that counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant. Brief for Appellant at 14, 16. Schrauger acknowledges his trial counsel communicated the plea offers to him. *Id.* However, Schrauger contends that his counsel only advised him of the proposed sentence, and not the offenses to which he would be pleading guilty. *Id.* at 17. Schrauger asserts that he would have accepted any plea offer that did not include a plea to aggravated assault, and his trial counsel's omission of the offenses prevented him from accepting the plea. *Id.* at 16-17.

In his second claim, Schrauger argues that his trial counsel's failure to mail, or otherwise provide, written versions of the plea offers to Schrauger constituted ineffective assistance of counsel. *Id.* at 17. Schrauger claims that a mere verbal discussion of a plea offer is not sufficient. *Id.* at 17-18.

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Counsel has a "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant." *Commonwealth v. Hernandez*, 79 A.3d 649, 653 (Pa. Super. 2013). In order to be entitled to relief on a claim that trial counsel failed to communicate a plea offer, an appellant must prove that: "(1) a [plea offer] was made; (2) trial counsel failed to inform him of such [an] offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Chazin*, 873 A.2d 732,

734 (Pa. Super. 2005). Additionally, "[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed … because of counsel's deficient performance, defendants must demonstrate a reasonable probability that they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 566 U.S. at 147. A defendant must also demonstrate "a reasonable probability [that] the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it." *Id.*

Our review of the record indicates that the Commonwealth communicated three written plea offers to Schrauger's trial counsel. At the PCRA hearing, trial counsel testified as to the contents of all three plea offers. N.T. (PCRA Hearing), 11/4/19, at 27-31. The first plea offer was a plea to aggravated assault with a negotiated sentence of five to ten years in prison. *Id.* at 27-28. Trial counsel testified that the second plea offer was a plea to simple assault and false imprisonment at Docket Number CP-06-CR-2888-2016 ("2888-2016") as well as intimidation of a witness at 4930-2016, in exchange for a negotiated sentence of two to four years in prison, followed by two years of probation. *Id.* at 28-29. Further, trial counsel testified that the third plea offer was a plea to simple assault and false imprisonment at 2888-2016, as well as intimidation of a witness at 4930-2016. *Id.* at 29-30. While similar to the second plea offer, the negotiated sentence for the third plea offer was to one-and-a-half to four years in prison, followed by two years of

probation. *Id.* at 30. Finally, trial counsel testified that both the second plea offer and the third plea offer were communicated to Schrauger, in court, as part of this trial court's unique practice of preparing a Memorandum of Plea Negotiations.[3] *See* Memorandum of Plea Negotiations, 8/8/2017, at 1 (unnumbered); *see also* N.T. (PCRA Hearing), 11/4/19, at 28-31 (wherein trial counsel detailed her discussions with Schrauger about the plea offers); N.T. (Jury Trial), 8/8/2017, at 4 (wherein the Memorandum of Plea Negotiations was signed and dated by the parties).

Schrauger's trial counsel testified that she communicated each offer to Schrauger. N.T. (PCRA Hearing), 11/4/19, at 28-29. Trial counsel testified that she communicated with Schrauger via video conference as well as in person about the plea offers "several times." *Id.* at 28-30. Further, trial counsel testified that Schrauger refused to accept a state sentence or a plea to the intimidation of a witness charge at Docket No. 4930-2016. *Id.* at 30-31. In the week preceding trial, trial counsel discussed the third plea offer in three video conferences with Schrauger. *Id.* at 31. Trial counsel informed Schrauger that he was "taking a big risk" going to trial "because he was looking at [five] years where he's being offered [one-and-a-half]." *Id.*

---

[3] The Memorandum of Plea Negotiations, a document unique to this trial court, is a form that contains the Commonwealth's final plea offer. PCRA Court Opinion, 1/17/20, at 6. The Memorandum of Plea Negotiations is signed by the defendant, his trial counsel, and the district attorney to memorialize that the final plea offer has been rejected by the defendant prior to the commencement of trial. *Id.*

Additionally, the following exchange occurred between trial counsel and PCRA counsel on cross-examination:

> [PCRA Counsel]: These plea offer sheets which you [] indicated you showed all those to [Schrauger], correct?
>
> [Trial Counsel]: I don't recall if I physically showed him the paper. I know that I have discussed all of those offers with him numerous times.
>
> [PCRA Counsel]: Is there a reason why you would not have physically showed that to him?
>
> [Trial Counsel]: Well, I can tell you for the ones that were close in [*sic*] trial, he was in jail so I did video conferences and relayed the offers right away.

N.T. (PCRA Hearing), 11/4/19, at 34-35.

In rejecting Schrauger's claims, the PCRA court found Schrauger's trial counsel's testimony to be credible. *See* PCRA Court Opinion, 1/17/20, at 3; *see also* PCRA Court Opinion, 11/20/19, at 1 (unnumbered). Additionally, the PCRA court determined that Schrauger failed to demonstrate that his claim had arguable merit, where trial counsel had communicated, and discussed at length, each plea offer with Schrauger. *See* PCRA Court Opinion, 1/17/20, at 4. Further, the PCRA court noted that while *Frye* requires an offer to be communicated "properly and fully," there is no requirement to present a plea offer to the defendant in writing. *See id.* at 5. Finally, the PCRA court found that "Schrauger [has] failed to [meet] his burden that any of [trial] counsel's actions prejudiced [Schrauger] and that, but for [trial] counsel's actions the

outcome of the proceeding would have been any different." PCRA Court Order, 11/20/19, at 2.

Upon review of the record, we agree with the PCRA court's conclusion that Schrauger failed to demonstrate prejudice. *See Rivera*, *supra*; *see also Holt*, *supra*. Moreover, we observe that by Schrauger's own statements, he would have rejected the first plea offer. *See id.* at 9-12 (wherein Schrauger testified that he would never plead guilty to aggravated assault); *see also* Brief for Appellant at 16-17. Schrauger was informed of both the second plea offer and the third plea offer by his counsel, through video conferences and in-person court discussions, as well as the Memorandum of Plea Negotiations prior to trial. *See* N.T. (PCRA Hearing), 11/4/19, at 28-31, 34-35; *see also* Memorandum of Plea Negotiations, 8/8/17, at 1 (unnumbered). Thus, we find that Schrauger has failed to demonstrate a reasonable probability that he would have accepted any of the plea offers even if the offers had been presented to him in writing. *See Frye*, 566 U.S. at 147; *see also Holt*, *supra*. Accordingly, we cannot grant relief on his first and second claims claims.

In his third claim, Schrauger contends that Pennsylvania has not enacted any "measures to help ensure against late, frivolous, or fabricated claims[] of uncommunicated plea offers." Brief for Appellant at 18. Schrauger indicates that the Pennsylvania Rules of Criminal Procedure are silent on the "duties of communication." *Id.* Schrauger asserts that "the duties of

communication are broad based and are encompassed in our Rules of Professional Conduct and case law." *Id.* Schrauger argues that, pursuant to *Frye*, Pennsylvania is required to adopt specific measures to guard against "late, frivolous, or fabricated" claims of uncommunicated plea offers. *Id.* at 18-19.

Initially, we observe that Schrauger did not raise his final claim in either his *pro se* PCRA Petition or in his subsequent, counseled, Amended PCRA Petition. Indeed, Schrauger failed to raise this issue before the PCRA court, as the first appearance of this claim is in Schrauger's Concise Statement of errors complained of on appeal. It is well-settled that "issues not raised in a PCRA [p]etition cannot be considered on appeal." *Commonwealth v. Lauro*, 819 A.2d 100, 103 (Pa. Super. 2003) (citation omitted); *see also Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) (stating that "including an issue in a [Rule 1925(b)] Concise Statement does not revive issues that were waived in earlier proceedings"); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, Schrauger's final claim is

waived.[4]

Based upon the foregoing, we affirm the PCRA court's Order denying Schrauger's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020

---

[4] We note that this claim is also waived because Schrauger has failed to adequately develop this claim for our review. *See* Pa.R.A.P. 2119(a) (requiring an appellant to support his argument with "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). In his brief, Schrauger baldly asserts that Pennsylvania has not adhered to the specific requirements set forth by the Supreme Court of the United States in *Frye*. Brief for Appellant at 18-19. However, Schrauger does not detail what these requirements are, nor does Schrauger explain how Pennsylvania has failed to adhere to said requirements. Instead, Schrauger appears to cite to the entirety of the Pennsylvania Rules of Criminal Procedure as well as "our Rules of Professional Conduct and case law" without providing discussion or specific citations to either. *Id.* at 18.