J-S36008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE EMMETT FIORENTINO | : | |
| | : | |
| Appellant | : | No. 291 EDA 2021 |

Appeal from the PCRA Order Entered December 28, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000309-2014

BEFORE: LAZARUS, J., KING, J., and COLINS, J.*

MEMORANDUM BY LAZARUS, J.:           **FILED MARCH 1, 2022**

Andre Emmett Fiorentino appeals *pro se* from the order, entered in the Court of Common Pleas of Chester County, dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

This Court has previously summarized the underlying facts and procedure of this case as follows:

> In the early morning hours of November 23, 2013, [Fiorentino] exited his mother's home along Merchant Street in Coatesville, Chester County. At that time, Coatesville police officers Joseph Thompson and Ryan Corcoran were patrolling Merchant Street in a marked police vehicle. Officer Thompson observed [Fiorentino] crouching near a parked car and decided to investigate further. As Officer Thompson approached [Fiorentino] he requested identification. [Fiorentino] turned away from the officer and attempted to flee. A short pursuit ensued.

_____

* Retired Senior Judge assigned to the Superior Court.

While chasing [Fiorentino], Officer Thompson ordered him to stop and threatened to tase him. [Fiorentino] did not heed the officer's warning, but rather, turned and fired a weapon at Officer Thompson. Both officers immediately drew their service weapons and returned fire, striking [Fiorentino] several times in the abdomen and legs. [Fiorentino] dropped his weapon as he collapsed on the ground. The officers approached [Fiorentino], kicked the firearm out of his reach, and attempted to secure the area as people from the neighborhood began amassing in the street.

[Fiorentino]'s injuries were treated at the scene by emergency medical technicians[,] who arrived shortly thereafter. [Fiorentino] was then transported to Paoli Memorial Hospital's trauma ward. As [paramedics] extracted [Fiorentino] from the ambulance, the[y] moved a pile of his clothing, which had been removed during treatment of [Fiorentino]'s injuries. A second firearm tumbled from the bundle. That firearm was taken into custody by an officer who had accompanied [Fiorentino] to the hospital.

Based upon the foregoing, [Fiorentino] was charged with [two counts of aggravated assault—attempt to cause serious bodily injury, 18 Pa.C.S.A. § 2702(a)(1), aggravated assault—attempt to cause serious bodily injury to an enumerated person, *id.* at § 2702(a)(2), aggravated assault—attempt to cause serious bodily injury with a deadly weapon, *id.* at § 2702(a)(4), aggravated assault—physical menace, *id.* at 2702(a)(6), person not to possess a firearm, *id.* at § 6105(a)(1), and a single count of possession of a firearm with altered manufacturer's number, *id.* at § 6110.2(a),] as well as two counts of attempted murder[, *id.* at § 901(a)]. [Fiorentino] filed a motion to suppress incriminating statements made by him to Detective Joseph Nangle while hospitalized. He argued that Detective Nangle violated his rights under the 5th and 6th Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution by engaging him in conversation in the absence of counsel after he had been formally arraigned and without the benefit of *Miranda* warnings.[1] After a hearing on the matter, the trial court denied [Fiorentino]'s motion by order of November 13, 2014.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

> The Commonwealth filed a motion *in limine* seeking to exclude evidence of, *inter alia*, prior altercations wherein Officer Thompson discharged his service firearm. Subsequently, [Fiorentino] served a subpoena on the Pennsylvania State Police ([]PSP[]) requesting access to Officer Thompson's employment records, including investigation reports created by the agency's Internal Affair Division. The PSP filed a protective order seeking to preclude from discovery all department records.
>
> By order of March 6, 2015, the court directed PSP to turn over documents pertaining to a single prior incident involving Officer Thompson, but did not determine the admissibility of the records at that time. The court denied discovery of the remaining documents. By order dated June 8, 2015, the court granted the Commonwealth's motion to preclude improper character evidence of Officer Thompson[] and denied [Fiorentino]'s motion to introduce additional instances of misconduct by Officer Thompson. Following a jury trial, [Fiorentino] was found guilty of the aforementioned crimes. However, the jury did not reach a verdict on the two counts of attempted murder. The court sentenced [Fiorentino] to an aggregate term of [25] to [50] years['] imprisonment on September 24, 2015. [No post-sentence motions were filed, and Fiorentino] filed a [timely] notice of appeal and complied with [Pa.R.A.P. 1925(b).]

*Commonwealth v. Fiorentino*, 160 A.3d 257 (Pa. Super. filed Jan. 18, 2017) (unpublished memorandum) (footnote in original).

On January 18, 2017, this Court affirmed Fiorentino's judgment of sentence, and, on August 2, 2017, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See id.*, *appeal denied*, 169 A.3d 1082 (Pa. 2017).

On July 30, 2018, Fiorentino filed a timely, *pro se*, PCRA Petition. The PCRA court appointed counsel, and on October 15, 2019, PCRA counsel filed

a **Turner**/**Finley**[2] no-merit letter, and a petition to withdraw from representation.

On May 8, 2020, the PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Fiorentino's PCRA petition without a hearing. Fiorentino requested, *pro se*, leave to amend his PCRA petition, which the PCRA court granted, and on July 30, 2020, Fiorentino filed a *pro se* amended PCRA petition. Ultimately, the PCRA court dismissed Fiorentino's PCRA petition.

Fiorentino filed a timely *pro se* notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Fiorentino now raises the following claims for our review:

> 1. Trial counsel was ineffective for failing to object[, during opening statements,] to the [p]rosecution's reference to the jury that [] Fiorentino was an "assassin[.]"
>
> 2. Trial counsel was ineffective for failing to file a [p]ost[-s]entence [m]otion for reconsideration of sentence.
>
> 3. Trial counsel was ineffective for failing to consult/call an expert witness relating to [] Fiorentino's statement while on medication in hospital.
>
> 4. Trial counsel was ineffective for failing to file a motion to suppress the weapon found near the crime scene[,] where no evidence existed that it had any connection to [] Fiorentino.
>
> 5. Trial counsel was ineffective for failing to cross-examine the Commonwealth's witness in relation to fabricating evidence of crimes [allegedly committed by] minorities in Chester County.

---

[2] **Commonwealth v. Turner**, 554 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

6. Trial counsel was ineffective for failing to refute the accusation that [] Fiorentino discharged a gun prior to or near the time of the shooting.

7. Trial counsel was ineffective for inferring that [] Fiorentino returned fire in self-defense where no proof existed of such inference.

Brief for Appellant, at 2.

> We review an order [dismissing] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

All of Fiorentino's claims challenge the effectiveness of his trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically,

> [t]o be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's

- 5 -

error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, [] 30 A.3d 1111, 1127 ([Pa.] 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, [] 527 A.2d 973, 975-76 ([Pa.] 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

**Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (footnote and some citations omitted).

In Fiorentino's first claim, he contends that his trial counsel rendered ineffective assistance of counsel by failing to object to the assistant district attorney's (ADA) characterization of Fiorentino as an "assassin" in its opening statement. Brief for Appellant, at 7-8. Fiorentino asserts that "assassins" are murderers for hire or fanatical reasons. *Id.* Fiorentino continues that the ADA presented no evidence that Fiorentino was hired to shoot at the police officers, "nor did it present any evidence that [Fiorentino] actually shot at th[e officers]." *Id.* at 7. Fiorentino argues that this statement amounted to prosecutorial misconduct and that "without the comment . . . the trial may have produced a different outcome." *Id.* at 8.

Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. Not every inappropriate remark by a prosecutor constitutes reversible error. A prosecutor's statements to a jury do not occur in a vacuum, and

- 6 -

we must view them in context. Even if the prosecutor's arguments are improper, they generally will not form the basis for a new trial unless the comments unavoidably prejudiced the jury and prevented a true verdict.

*Commonwealth v. Bedford*, 50 A.3d 707, 715-16 (Pa. Super. 2012) (cleaned up). "Prosecutorial misconduct will not be found where comments were . . . only oratorical flair." *Commonwealth v. Jones*, 668 A.2d 491, 514 (Pa. 1995). Nevertheless, even if a prosecutor's remarks were prejudicial, "prejudice by prosecutorial remarks can be cured by instructions from the trial court." *Commonwealth v. Carter*, 643 A.2d 61, 77 (Pa. 1994); *see also Commonwealth v. Jones*, 668 A.2d 491, 504 (Pa. 1994) (law presumes jury will follow trial court's curative instruction); *Commonwealth v. Bryant*, 67 A.3d 716, 728 (Pa. 2013) (new trial not warranted where trial court gives adequate cautionary instruction).

Preliminarily, we note that while Fiorentino purports to couch this claim in terms of ineffective assistance of counsel, he only includes the standard of review, and does not apply any of the three ineffectiveness prongs to the facts of this case. Rather, Fiorentino's entire argument is focused on whether the ADA committed prosecutorial misconduct. *See* Brief for Appellant, at 7-8. Because Fiorentino does not plead and prove all three prongs of the ineffectiveness test, his claim fails. *See Treiber*, *supra*.

Moreover, the record reveals that, after the Commonwealth's opening statement, trial counsel requested a cautionary instruction "that says the jury's to focus on facts in this case, not the background of the officers, or any

- 7 -

extraneous information, which is not relevant." N.T. Jury Trial, 6/23/15, at 6.

In response, the trial court issued the following instruction:

> I told you about opening statements. Opening statements are, basically, just arguments of counsel for each side. They are guidelines to the case. They are not evidence at all. So the fact in this case, I want you to focus, primarily, on what happened in November of 2013 on Merchant Street in Coatesville and decide this case on the evidence presented in the courtroom.
>
> You don't decide this case on the facts that some witnesses may have wives and children. You don't decide this fact on [*sic*] somebody may have served in the military. All those are not considerations for you. All you are deciding this case on is what happened that day, what evidence you believe, what evidence you don't believe.

*Id.* at 24-25. Accordingly, we conclude that this claim lacks arguable merit. *See Carter*, *supra*; *Bryant*, *supra*; *Treiber*, *supra*.

In his second claim, Fiorentino contends that his trial counsel rendered ineffective assistance by failing to file a post-sentence motion challenging Fiorentino's sentence. Brief for Appellant, at 8-9. Fiorentino claims that his trial counsel had no reasonable basis for failing to do so, because his aggregate prison sentence of 25 to 50 years in prison is excessive. *Id.*

Our review of the record reveals that Fiorentino did not raise this claim before the PCRA court in either his *pro se* PCRA petition, or his *pro se* amended PCRA petition. Rather, this claim appears for the first time in his *pro se* Rule 1925(b) concise statement, and, accordingly, it is waived. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("[C]laim[s] not raised in a PCRA petition cannot be raised for the time on appeal.");

*Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [Rule 1925(b)] [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"); Pa.R.A.P. 302(a).

In his third claim, Fiorentino contends that his trial counsel rendered ineffective assistance by failing to consult and/or present testimony of an expert witness regarding Fiorentino's "state and mind" while on medication in the hospital. Brief for Appellant, at 9-10.

Similar to his second claim, Fiorentino has failed to preserve this claim for our review, as it first appears in his Rule 1925(b) concise statement. *See Santiago*, *supra*; *Williams*, *supra*; Pa.R.A.P. 302(a). Accordingly, it is waived.[3]

In Fiorentino's fourth claim, he contends that his trial counsel rendered ineffective assistance by failing to file a motion to suppress the "weapon found near the crime scene." Brief for Appellant, at 10. Fiorentino argues that, at trial, "[u]ninterested witnesses," who were known to trial counsel, testified that they did not see a weapon near Fiorentino. *Id.* Additionally, Fiorentino

---

[3] Even if Fiorentino had not waived this claim, we would afford him no relief because he has not demonstrated that an expert exists and is ready, willing, and able to testify. *See Chmiel*, 30 A.3d at 1143 ("The mere failure to obtain an expert [] witness is not ineffectiveness. Appellant must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause.") (citation omitted). Rather, Fiorentino baldly asserts that an expert *may* exist who *may* be able to testify to this claim. *See* Brief for Appellant, at 9-10. Accordingly, this claim fails. *See Chmiel*, *supra*. Moreover, Fiorentino does not address any of the three ineffectiveness prongs. *See Treiber*, *supra*.

asserts that while the Commonwealth "proffered that this weapon was the one use[d] to sho[o]t" at the officers, the "ballistics report on the firearm showed it was not used[.]" *Id.* at 10-11.

The PCRA court addressed this claim as follows:

[Fiorentino] claims counsel was ineffective for failing to ask for suppression of the weapon found at the scene "where there was no physical or circumstantial evidence connecting [Fiorentino] to the weapon." This statement is incorrect. The police officers on the scene testified that they saw [Fiorentino] with a weapon, and they saw a flash emanating from the weapon when it was fired at them. Further, [Fiorentino] admitted to the police that he was in possession of both guns when he made his spontaneous comments to them at the hospital. In addition, [Fiorentino] implicitly admitted in prison phone calls that he fired shots at the police.

There was no illegal search and seizure, or any other illegal act on the part of the police that would justify suppression of the evidence in question. Whether or not the jury believed [Fiorentino] was in possession of the weapon and fired it at the police was not a question of admissibility, but one of the weight the jury thought the evidence deserved. Since there was no basis on which to seek suppression of the weapon, counsel is not ineffective for failing to file such a motion.

PCRA Court Opinion, 6/29/21, at 5-6.

Our review of the record confirms the PCRA court's determinations and conclusions. Thus, Fiorentino has failed to establish that this claim has arguable merit, and that his counsel lacked a reasonable basis for failing to pursue it. *See Treiber*, *supra*. Accordingly, no relief is due.

In Fiorentino's fifth claim, he contends that trial counsel rendered ineffective assistance by failing to cross-examine the officers about whether they had previously fabricated evidence of crimes allegedly committed by

- 10 -

minorities. Brief for Appellant, at 11-12. Fiorentino argues, again, that no physical or circumstantial evidence linked him to the weapon and, armed with this knowledge, trial counsel should have cross-examined the officers about fabricating evidence at other crime scenes against minorities. *Id.*

Fiorentino fails to address any of the required ineffectiveness prongs and, accordingly, this claim fails. *See Treiber*, *supra*. Moreover, the PCRA court addressed this claim as follows:

> During discovery, [Fiorentino] sought internal affairs records pertaining to the [police officers] involved in this incident. Objections to the subpoena were made by the Commonwealth and by an attorney representing the [PSP]. Following a hearing on the matter, the [trial] court entered an [o]rder allowing discovery of the records pertaining to one (1) incident. This [o]rder was affirmed by th[is Court] in a [m]emorandum [decision] filed on January 18, 2017. [*See Fiorentino*, *supra*.] Since [Fiorentino] was precluded from introducing evidence pertaining to any of the other incidents in the internal affairs documents, trial counsel was not permitted to question the [officers] about those incidents. Thus, counsel was not ineffective for failing to do so.

PCRA Court Opinion, 6/29/21, at 6 (citations omitted).

We agree with the PCRA court's determinations and conclusions and, accordingly, Fiorentino is due no relief on this claim. *See Treiber*, *supra*.

In his sixth claim, Fiorentino contends that trial counsel rendered ineffective assistance by failing to refute the evidence that Fiorentino had fired a weapon at the officers. Brief for Appellant, at 12-13. Fiorentino argues that trial counsel's failure to pursue this strategy had no reasonable basis. *Id.* Fiorentino acknowledges that the officers testified Fiorentino fired a gun at

them; however, he claims that if trial counsel "had prepared any type of

defense" the outcome of the trial would have been different. *Id.*

The PCRA court addressed this claim as follows:

The evidence introduced at trial proved beyond a reasonable doubt that [Fiorentino] was in possession of a firearm, and that he fired it at the [officers]. A review of the trial transcript shows that trial counsel did a very good job of attempting to refute the Commonwealth's version of the story. Unfortunately for [Fiorentino], the jury did not believe his version of events.

It was within the jury's province to do so. Despite [counsel]'s thorough cross[-]examination of Commonwealth witnesses, the jury convicted him of the crimes charged. [Counsel] was not ineffective merely because he was unable to persuade the jury to find appellant not guilty of the crimes of which he was accused.

Further, the Pennsylvania Supreme Court has "said repeatedly that a petitioner is not entitled to relief because counsel's trial strategy was unsuccessful; when the course chosen was reasonable, counsel cannot be faulted for failing to pursue a different path. Speculation by hindsight that a different strategy might possibly have been successful is not the test which establishes ineffectiveness of counsel." ***Commonwealth v. Fisher***, 813 A.2d 761, 767 (Pa. 2002) (citations omitted). In the instant case, the court finds that trial counsel[]'s strategy was reasonable. The court also finds, therefore, that there is no merit to [Fiorentino]'s claim and he is not entitled to any relief on this basis.

PCRA Court Opinion, 6/29/21, at 6-7.

Our review of the record confirms the PCRA court's determinations and

conclusions. *See Ford*, *supra*. Accordingly, Fiorentino is due no relief on

this claim. *See Treiber*, *supra*.

In his seventh claim, Fiorentino argues that his trial counsel rendered

ineffective assistance by inferring that Fiorentino shot at the officers in self-

defense, suggesting imperfect self-defense. Brief for Appellant, at 12-13. Fiorentino contends, again, that there was no evidence linking him to the shooting and that he is entitled to a new trial. *Id.*

Preliminarily, Fiorentino baldly asserts that trial counsel inferred Fiorentino shot at the officers; however, Fiorentino's argument rests entirely on his one-page argument in his sixth issue. *See* Brief for Appellant, at 12-13. Indeed, Fiorentino provides no citations to support this claim, nor does he provide any additional argument or discussion of pertinent authorities. *See* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue is any other meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Accordingly, this claim is waived.[4]

Order affirmed.

---

[4] Moreover, even if Fiorentino had not waived this claim, we would conclude that is lacks arguable merit as the PCRA court did in its opinion, cited above. *See* PCRA Court Opinion, 6/29/21, at 6-7; *see also Treiber*, *supra*.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2022