**COMMONWEALTH OF PENNSYLVANIA,**
Appellee

v.

**Jermaine WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 2006.

Filed May 24, 2006.

Jermaine Williams, Pro Se, appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: DEL SOLE, P.J., JOYCE, MUSMANNO, LALLY–GREEN, TODD, KLEIN, BENDER, BOWES, and GANTMAN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Jermaine Williams, appeals *pro se* from the order entered on May 1, 2003, denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

¶ 2 The factual and procedural history of the case is as follows. On April 25, 1997, a jury convicted Appellant of first-degree murder arising from the shooting death of Kenneth Billie. The Commonwealth did not seek the death penalty. On the same day, the trial court imposed a mandatory sentence of life imprisonment. The court did not provide Appellant with the right of allocution.

¶ 3 During a somewhat convoluted post-sentence motions process,[1] Appellant litigated various claims of trial counsel's ineffectiveness. The trial court ultimately denied these post-sentence motions. This Court affirmed the judgment of sentence on August 16, 2000. Our Supreme Court denied Appellant's petition for allowance of appeal on January 8, 2001.

¶ 4 Appellant filed a timely *pro se* PCRA petition on December 18, 2001. Appellant raised 14 claims of trial counsel's and/or appellate counsel's ineffectiveness. The PCRA court appointed Edward C. Meehan, Jr., to represent Appellant. After reviewing the trial transcripts and the certified record, Attorney Meehan filed a *Turner/Finley* letter [2] on January 16, 2003. On May 1, 2003, the PCRA court dismissed Appellant's petition as frivolous, and granted Attorney Meehan's petition to withdraw pursuant to *Turner/Finley*. This *pro se* appeal followed.[3]

¶ 5 During the fall of 2003, Appellant asked the trial court and this Court to provide him with transcripts for the preparation of his PCRA appeal. Apparently, Appellant did not have the trial transcripts when he prepared his original *pro se* PCRA petition. The record reflects that the trial court provided the transcripts to Appellant in May 2004.[4]

¶ 6 Appellant raises the following issues on appeal:

1. Does the denial of allocution render the sentence illegal, making the claim unwaivable, in a First Degree Murder case where the death penalty is not involved?

2. Does the denial of allocution due to counsel's ineffectiveness entitle defendant to a new sentencing hearing, where prejudice is presumed due to the onerous burden on a defendant to show the outcome of the sentence would have been different?

Appellant's Brief at iii.

¶ 7 "Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005) (*en banc*).

¶ 8 In this PCRA appeal, Appellant argues for the first time that the trial court denied him his right to allocution. In his brief, Appellant has raised this claim in terms of both trial court error and prior counsels' ineffectiveness.

¶ 9 To the extent that Appellant frames his issue in terms of trial court error, our analysis is as follows. Under the PCRA, a petitioner must establish, *inter alia*, that the claim is not waived. *Berry*, 877 A.2d at 482, *citing* 42 Pa.C.S.A.

---

1. Appellant initially failed to file post-sentence motions or a direct appeal. Appellant filed a timely petition for post-conviction collateral relief, resulting in the reinstatement of post-sentence and direct appeal rights *nunc pro tunc*.

2. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

3. The PCRA court did not order Appellant to file a Concise Statement of Matters Com-

plained of on Appeal under Pa.R.A.P.1925. The court filed a Rule 1925 opinion on June 25, 2003.

4. After the initial three-judge panel decided this case, the Commonwealth petitioned for reargument *en banc*. On August 26, 2005, this Court vacated the three-judge panel's decision and granted reargument. This case was listed consecutively with *Commonwealth v. Jacobs*, E03006–05, 515 EDA 2004, because the two cases raise similar issues.

§ 9543(a)(3). "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." *Id.*, *citing* 42 Pa.C.S.A. § 9544(b).

¶ 10 In the instant case, Appellant could have raised his allocution claim at sentencing, in post-sentence motions, or on direct appeal. He did not. Thus, the issue is waived, unless an exception to the waiver rule applies. *Id.*

■ ¶ 11 One exception to the waiver rule is that challenges to the legality of the sentence are not waivable. *Id.* Appellant argues that a denial of allocution implicates the legality of the sentence. For the reasons set forth in the companion case of *Commonwealth v. Jacobs*, E03006–05, 515 EDA 2004, we disagree. Appellant's underlying claim is waivable. On the facts of this case, it is waived.

¶ 12 To the extent that Appellant's issue is couched in terms of trial counsel's and/or appellate counsel's ineffectiveness, our analysis is as follows. Under Pa. R.Crim.P. 902(B), "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." *See also Commonwealth v. Wharton*, 571 Pa. 85, 811 A.2d 978, 987 (2002). In the instant case, Appellant failed to raise, in his PCRA petition, ineffectiveness of trial counsel or appellate counsel with respect to allocution. Thus, those issues are waived.

■ ¶ 13 Appellant's arguments to the contrary are unavailing. First, he argues that he could have preserved the claim in a Concise Statement of Matters Complained of on Appeal under Pa.R.A.P.1925, but the

PCRA court deprived him of that opportunity by not ordering him to file a Concise Statement. We disagree. Even if the PCRA court had ordered Appellant to file a Concise Statement and Appellant had raised the allocution issue[5] therein, that process would not avoid waiver. Generally, including an issue in a Concise Statement does not revive issues that were waived in earlier proceedings. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super.2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

¶ 14 Next, Appellant argues that he was not aware of the allocution issue until he received the trial transcripts, an event which took place after the PCRA court had already dismissed his petition. Appellant argues that it is a denial of due process to declare his claim waived under these facts.

¶ 15 We disagree. First, we note that the absence of transcripts did not deter Appellant from alleging 14 claims of ineffectiveness in his *pro se* PCRA petition. We see no reason why Appellant could not have raised the allocution issue along with these 14 other issues. Second, and more importantly, the court provided Appellant with the assistance of counsel for his initial PCRA petition. Attorney Meehan reviewed the certified record, including the transcripts, and corresponded with Appellant before filing his *Turner–Finley* letter. *See* Docket Entry 15, Attachment B. Thus, Attorney Meehan had the opportunity to review the record and raise the allocution issue in an amended PCRA petition, if he deemed it meritorious. Whether by choice or by oversight, Attorney Meehan did not raise the allocution issue with the PCRA court.

5. For the remainder of this Opinion, we use the term "allocution issue" as a shorthand method of referring to trial counsel's and/or appellate counsel's ineffectiveness for failing to raise the underlying claim that the trial court denied Appellant his right to allocution.

¶ 16 Thus, the proper inquiry is whether Attorney Meehan was ineffective for failing to raise the allocution issue in the underlying PCRA proceedings. *See Commonwealth v. Hall,* 582 Pa. 526, 872 A.2d 1177, 1182 (2005); *Commonwealth v. Gonzalez,* 858 A.2d 1219, 1222 (Pa.Super.2004), *appeal denied,* 582 Pa. 695, 871 A.2d 189 (2005), *citing, inter alia, Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014 (2003). Indeed, Appellant does suggest that Attorney Meehan was ineffective for failing to communicate with him and/or provide the trial transcripts, so that Appellant could have discovered the allocution issue. Appellant's Brief at 8. We will briefly address this underdeveloped claim of PCRA counsel's ineffectiveness.

¶ 17 This claim will rise or fall in large part on the underlying claim of trial counsel's ineffectiveness. *Hall; McGill.* If trial counsel was not ineffective for failing to object to the denial of allocution, then no subsequent counsel could be held ineffective for failing to raise that claim. *Hall; McGill.* Thus, we will address the claim of trial counsel's ineffectiveness, but only insofar as it sheds light on the underdeveloped claim of PCRA counsel's ineffectiveness. *Hall; Gonzalez.*

¶ 18 The burden of proving counsel's ineffectiveness lies with the petitioner. *Commonwealth v. Snyder,* 870 A.2d 336, 345 (Pa.Super.2005). "In order to prevail on an ineffectiveness claim, therefore, Appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for the course of conduct in question; and (3) he suffered prejudice as a result of counsel's ineffectiveness, *i.e.,* there is a reasonable probability that but for counsel's act or omission in question, the outcome of the proceeding would have been different." *Commonwealth v. Spencer,* 2006 PA Super 13, ¶ 6, 892 A.2d 840. Counsel will not be found ineffective for failing to raise a meritless claim. *Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 304 (1999), *cert. denied,* 528 U.S. 975, 120 S.Ct. 422, 145 L.Ed.2d 330 (1999).

¶ 19 The general right to allocution is set forth in Pa.R.Crim.P. 704(C)(1), which states: "at the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Similarly, 42 Pa.C.S.A. § 9752(a)(2) provides: "as soon as practicable after the determination of guilt and the examination of any presentence report, a proceeding shall be held at which the court shall . . . afford to the defendant the right to make a statement." *See also Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918 (1989) (right to allocution exists under Pa.R.Crim.P. 1405, now Rule 704).

¶ 20 These general rules granting criminal defendants the right to allocution must, however, be read in conjunction with the specific statutes governing punishment for first-degree murder. Under 18 Pa.C.S.A. § 1102(a), "A person who has been convicted of a murder of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)." Thus, rather than referring to the general rules, we must refer specifically to Section 9711.

¶ 21 Our Supreme Court has stated repeatedly that in first-degree murder cases, the statutory framework set forth in § 9711 abrogates and replaces the general right to allocution under Rule 704 and the common law. *Commonwealth v. May,* 584 Pa. 640, 887 A.2d 750, 766 (2005); *Commonwealth v. Reyes,* 545 Pa. 374, 681 A.2d 724, 731 (1996), *cert. denied,* 520 U.S. 1174,

117 S.Ct. 1445, 137 L.Ed.2d 551 (1997), *citing Commonwealth v. Abu–Jamal,* 521 Pa. 188, 555 A.2d 846, 857–858 (1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990).

¶ 22 Section 9711 does not provide for the right of allocution, which is traditionally defined as an opportunity to speak directly to the sentencing court without being subject to cross-examination.[6] Indeed, the *Reyes* Court cited *Abu–Jamal* for the proposition that "no right to allocution exists in a capital murder case[.]" *Reyes,* 681 A.2d at 731. Notably, section 9711 does not provide for allocution where the court declines to impose the death penalty and instead imposes a mandatory sentence of life imprisonment.[7]

¶ 23 For these reasons, Appellant's claim of trial counsel's ineffectiveness lacks arguable merit. By extension, his underdeveloped claim of PCRA counsel's ineffectiveness lacks arguable merit as well. *Hall.*

¶ 24 Because we dispose of Appellant's claim on the "arguable merit" prong, we need not address the prejudice prong of the ineffectiveness test. We do observe, however, that the trial court had no authority to impose any sentence less severe than life imprisonment. 18 Pa.C.S.A.

§ 1102(a). Thus, even if the trial court had granted Appellant the right of allocution, the court would have imposed the same life sentence that it already imposed. In other words, there is no reasonable probability (indeed, no probability whatsoever) that the result would have been different if the court had granted Appellant the right of allocution.[8] Accordingly, we affirm the PCRA court's order denying relief.

¶ 25 Order affirmed.

¶ 26 KLEIN, J.: files Concurring Statement.

### CONCURRING STATEMENT BY KLEIN, J.:

¶ 1 As I noted in my concurring statement in *Commonwealth v. Jacobs,* 2006 PA Super 95, 890 A.2d 1063 (filed May 1, Pa.Super. 2006), I am reluctant to address a constitutional question in *dicta.* In *Jacobs,* the defendant *did* enjoy her right of allocution, and there was no need to discuss the issue as to whether the denial of the right of allocution renders a sentence illegal. In the instant case, as the majority points out, the sentence was automatic; no statement from defendant or anyone else could have altered it.

---

**6.** In a capital sentencing proceeding, the defendant has the right to present evidence relating to mitigating circumstances, in an attempt to avoid the death penalty. 42 Pa. C.S.A. § 9711(a)(2); *Reyes.* However, this evidence is subject to cross-examination. *Reyes.* Counsel is permitted to argue for or against the death penalty. 42 Pa.C.S.A. § 9711(a)(3).

**7.** In the instant case, the Commonwealth did not seek the death penalty. Accordingly, the court did not conduct a death penalty hearing. Instead, the court proceeded immediately to impose a life sentence, pursuant to Pa. R.Crim.P. 810. We note that the comment to Rule 810 states: "when sentence is imposed immediately pursuant to this rule, the judge must still comply with the applicable require-

ments of Rule 704(C)." (emphasis added). Rule 704(C) sets forth a long list of sentencing procedures, including allocution. However, that requirement is not "applicable" for the reasons set forth above.

**8.** *Compare Thomas,* 553 A.2d at 919 (generally, a defendant need not show prejudice in order to obtain relief on an allocution claim, because "[w]hat effect the exercise of the right of allocution might have on the subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence") (emphasis added). By contrast, in first-degree murder cases, the decision to impose a life sentence is not "subjective"; it is mandatory by statute.

¶ 2 It is true that the Pennsylvania Supreme Court has held that a defendant who is denied the right of allocution need not demonstrate prejudice thereby. *Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918, 919 (1989). In so holding, it is plain that the Supreme Court did not want to require a defendant to prove that his statement to the sentencing court would have produced a more favorable sentence. However, in circumstances where it is *impossible* for the defendant to receive a more lenient sentence, his failure to make any statement to the court is, practically speaking, irrelevant.

¶ 3 That would include the circumstances of the instant case—*i.e.,* where a life sentence is mandatory for first-degree murder—as well as other circumstances, such as where: (1) the defendant receives the mandatory minimum sentence for the crime; and (2) following a negotiated guilty plea, the defendant receives the negotiated sentence, assuming that the Commonwealth could elect to go to trial if the judge believes the sentence is too severe.

¶ 4 Therefore, while I agree that the failure to provide Williams his right of allocution was irrelevant because his sentence would be the same no matter what he said, I do not believe that this is the case where we should decide whether the denial of the fundamental right of allocution yields an illegal sentence or is a waivable issue. As noted previously, the *Jacobs* majority's view on the subject—that denying the right of allocution does not produce an illegal sentence and hence is a waivable issue—*was not essential to the dispute,* as Jacobs *was* granted her right of allocution.

¶ 5 Because I believe that the statement in *Jacobs* is *dicta* where it says that the denial of allocution does not make a sentence illegal, I do not believe that *Jacobs* provides any support for the holding in this case. I am always troubled when language that is *dicta* in one case is relied upon in a subsequent case, and, voila, what was *dicta* automatically becomes binding precedent.

Based on the foregoing, and for the reasons set forth in my concurring statement in *Jacobs,* I believe that *Commonwealth v. Newton,* 875 A.2d 1088 (Pa.Super.2005), remains good law.