J-S10013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM YOUNG | : | |
| | : | |
| Appellant | : | No. 240 EDA 2018 |

Appeal from the PCRA Orders of December 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010026-2010,
MC-51-CR-0045553-2012, MC-51-CR-0045554-2012,
MC-51-CR-0045555-2012, MC-51-CR-0045556-2012

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          **FILED APRIL 23, 2019**

Appellant, William Young, appeals from the orders of the Court of

Common Pleas of Philadelphia County, entered December 18, 2017, that

denied his first petition filed under the Post Conviction Relief Act ("PCRA")[1]

after a hearing.[2]  Additionally, PCRA counsel Jessica C. Mann, Esquire, has

filed an application to withdraw and an ***Anders***[3] brief, stating that this appeal

_____

[1]  42 Pa.C.S. §§ 9541–9546.

[2] Although multiple orders were appealed under the same notice of appeal,
***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018), is not implicated
because the notice was filed before June 1, 2018.

[3] ***Anders v. California***, 386 U.S. 738 (1967).  Appointed counsel filed an
***Anders*** brief, petitioning to withdraw as counsel.  A ***Turner/Finley*** no-merit,
rather than ***Anders*** brief, is required where counsel seeks to withdraw on

_____

*   Retired Senior Judge assigned to the Superior Court.

is wholly frivolous. We affirm the PCRA court's orders and grant PCRA counsel's application to withdraw.

The facts underlying this appeal are as follows. Appellant pled guilty to Fleeing or Attempting to Elude Officer,[4] CP-51-CR-0010026-2010, on October 1, 2010. He was sentenced to three years' probation. While on probation, on March 1, 2013, Appellant entered into a guilty plea to Contempt for Violation of an Order and Simple Assault on MC-51-CR-0045553-2012, Endangering the Welfare of a Child on MC-51-CR-0045554-2012, Simple Assault on MC-51-CR-0045555-2012, and Endangering the Welfare of a Child, Stalking, and Simple Assault on MC-51-CR-0045556-2012.[5] Appellant received an aggregate sentence of eleven-and-one-half to twenty three months' confinement plus twelve years' consecutive probation. In addition, Appellant's probation was revoked on CP-51-CR-0010026-2010 and he was sentenced to seven years' probation.

_____

appeal from the denial of a PCRA petition. **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). However, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter because it provides the defendant greater protections. **See Commonwealth v. Widgins**, 29 A.3d 816 (Pa. Super. 2011).

[4] 75 Pa.C.S. § 3733 §§ A

[5] 23 Pa.C.S. § 6114(a), 18 Pa.C.S. §§ 2701(a), 4304(a)(1), 2701(a), 4304(a)(1), 2709.1(a)(1), and 2701(a), respectively.

Appellant was released on parole on December 23, 2013. That same day he sent threatening text messages to his son's mother who was the complaining witness in MC-51-CR-0045553-2012 and MC-51-CR-0045556-2012. Appellant then went to her house and assaulted her. Appellant was arrested on January 30, 2014, and charged with Aggravated Assault[6] and related charges. The charges were dismissed when the complaining witness did not go to court. The Commonwealth subsequently filed a ***Daisey Kates***,[7] petition, requesting a violation of probation hearing before the Honorable Judge Means. October 28, 2014, a ***Daisey Kates*** hearing was held. Appellant was found in violation of his probation, probation was revoked on all five of his cases and Appellant was sentenced to an aggregate term of thirteen to twenty six years' incarceration. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence.

On March 1, 2017, Appellant filed his first timely PCRA petition. On December 18, 2017, the PCRA court held an evidentiary hearing. On that same day, the PCRA court denied Appellant's PCRA petition. On January 10, 2018, Appellant filed this timely appeal.[8]

---

[6] 18 Pa.C.S. § 2702.

[7] ***Commonwealth v. Kates***, 305 A.2d 701 (Pa. 1973).

[8] Appellant filed his statement of errors complained of on appeal on May 14, 2018. The trial court entered its opinion on May 29, 2018.

- 3 -

On September 4, 2018, PCRA counsel filed an **Anders** brief with this Court, along with the motion to withdraw. Appellant did not file a *pro se* or counseled response to the **Anders** brief. We proceed to address whether counsel's **Anders** brief has satisfied the requirements of **Turner/Finley**.

> Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. . . . Counsel petitioning to withdraw from PCRA representation must proceed under . . . **Turner** . . . and **Finley** . . . and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citations omitted) (some formatting).

Based on our review, we conclude that PCRA counsel has satisfied the technical demands of **Turner/Finley** in her brief. **See Id.** In addition, counsel has sent the following to Appellant: (1) a copy of the **Anders** brief, (2) a copy of her petition to withdraw, and (3) a statement advising Appellant that he has the right to retain new counsel to pursue the appeal, proceed *pro se*, or raise additional points deemed worthy of the Court's attention. **See**

Letter from PCRA counsel to Appellant (dated September 4, 2018). Accordingly, we must conduct our own independent evaluation of the record to ascertain whether we agree with PCRA counsel that Appellant is not entitled to relief. *See Muzzy,* 141 A.3d at 511.

The *Anders* brief raises the following issue(s) for our review:

1. Was trial counsel ineffective for failing to ensure that Appellant was able to exercise his right of allocution free from interruption by the trial court, and thus, able to express his remorse to the court?

2. Whether trial counsel was ineffective for failing to object to the trial court acting as an advocate for the Commonwealth as opposed to a neutral jurist where the record is clear that the trial court's examination of Appellant was accusatory and hostile?

3. Whether the PCRA court abused its discretion, by denying Appellant's Post-Conviction Relief Act petition, after a hearing, where the record shows he was entitled to relief?

*Anders* Brief at 3 (renumbered for clarity).

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

Appellant makes two claims that trial counsel was ineffective. The burden of proving counsel's ineffectiveness lies with the petitioner. *Commonwealth v. Snyder*, 870 A.2d 336, 345 (Pa. Super. 2005). "In order to prevail on an ineffectiveness claim, therefore, Appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no

reasonable basis for the course of conduct in question; and (3) he suffered prejudice as a result of counsel's ineffectiveness, *i.e.,* there is a reasonable probability that but for counsel's act or omission in question, the outcome of the proceeding would have been different." ***Commonwealth v. Spencer***, 892 A.2d 840, 841-842 (Pa. Super. 2006). "[C]ounsel will not be found ineffective for failing to raise a meritless claim." ***Commonwealth v. Pursell***, 724 A.2d 293, 304 (Pa. 1999); ***See also Commonwealth v. Williams***, 900 A.2d 906, 910 (Pa. Super. 2006) (citation omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Commonwealth v. Jones***, 811 A.2d 944, 1002 (Pa. 2002) (citation omitted).

Appellant's claim, that trial counsel was ineffective for failing to ensure that Appellant was able to exercise his right of allocution free from interruption by the trial court, and thus, able to express his remorse to the court, is meritless. This Court found that Appellant exercised his right to allocution in Appellant's direct appeal. ***Commonwealth v. Young***, No. 736 EDA 2015, unpublished memorandum at 3 (Pa. Super. filed April 19, 2016).

> Even if we had not deemed Young's allocution claim to be waived, we would have concluded it lacks merit. Our review of the record discloses that Young was given ample opportunity to, and did, testify on his own behalf shortly after the trial court found him in violation of his probation and before he was sentenced. ***See*** N.T. (hearing), 10/28/14, at 57-76; ***see also Id.*** at 64, 70, 72, 74 (wherein the trial court repeatedly asked Young if there was anything else that Young wanted to tell the court.) Thus, Young exercised his right to allocution.

*Young,* 736 EDA 2015 at 3. Appellant was not denied his right to allocution, therefore counsel cannot be ineffective for failing to raise a meritless claim.

Next, Appellant claims trial counsel was ineffective for failing to object, during his sentencing hearing, to the trial court acting as an advocate for the Commonwealth as opposed to a neutral jurist where the record is clear that the trial court's examination of Appellant was accusatory and hostile. Appellant did not provide any evidence to support this allegation at the PCRA hearing. The only relevant testimony provided at the PCRA hearing was:

> [W]hat we're saying here is that the public defender didn't do his job. He didn't act as a proper mediator between Your Honor and the defendant…. On October 28, 2014, I feel as though that the Defender Association, the counsel that I had was not representing me how he should have been. I think he was incompetent. Because he didn't object to certain things that was supposed to have been objected to.…

N.T., 12/18/17, at 8, 13. We find this issue meritless. "A mere bald allegation without any factual or legal support fails to overcome the presumption that counsel is effective. *Jones*, 811 A.2d at 1003, 1006.

Lastly, Appellant claims that the PCRA court abused its discretion, by denying Appellant's PCRA petition, after a hearing, where the record shows he was entitled to relief. We find this claim meritless. For the reasons above, we find that the PCRA court did not abuse its discretion in denying Appellant's PCRA petition.

Having discerned no error of law, we affirm the orders below.  As we agree that Appellant's claims on appeal are without merit, we also grant PCRA counsel's petition to withdraw.

Petition to Withdraw granted.  Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/19