J-S27008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED A. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 199 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 7, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000607-2021

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:                **FILED SEPTEMBER 18, 2024**

Rasheed A. Williams appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia, following his convictions of three counts of recklessly endangering another person,[1] two counts each of homicide by vehicle while driving under the influence (DUI),[2] DUI—controlled substance or metabolite third offense,[3] and homicide by vehicle,[4] one count

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2705.

[2] 75 Pa.C.S.A. § 3735(a)(1)(ii).

[3] *Id.* at § 3802(d)(1).

[4] *Id.* at § 3732(a).

of accidents involving death or injury while not licensed.[5] After review, we affirm.

The trial court summarized the factual history of this case as follows:

On July 4, 2020, at approximately 4:00[ a.m.], [Williams] was driving his Black Jeep Cherokee eastbound [on] Spring Garden Street in Philadelphia with Shacolia Butts in the front passenger seat. Gabriel Garcia was driving an Acura SUV northbound on 5th Street with two other passengers in the vehicle, Tito Nieves[] and Steven Ortiz. At 5th Street, [Williams] disregarded the red light and crashed into [] Garcia's Acura[,] wh[ich] had a green light. One second prior to impact, [Williams] was exceeding the speed limit going approximately 83 [mph] in a 35 [mph] zone. Due to the impact, [] Garcia lost control of his vehicle. [] Nieves and [] Ortiz were ejected out of the car[ and] both were pronounced dead.

Philadelphia [Police] Sergeant John Calohan responded to the scene. While there, he did not talk to [Williams,] but observed him being "disoriented." [Sergeant Calohan observed that Williams] had a difficult time standing up and he appeared to be dizzy. Sergeant Calohan looked inside the Jeep [and] observed a Backwoods blunt bag[ on the passenger side floor of the vehicle]. In the center console, [Sergeant Calohan saw] a clear plastic bag containing a green leafy substance. Additionally, he detected the odor of unburnt and burnt marijuana [emanating] from the car. Pursuant to a search warrant of the [] Jeep, all the above items were recovered from the vehicle, including multiple bags of marijuana, a burnt marijuana cigar, and other containers of marijuana.

Shortly after the accident, first responders took [Williams] to Temple [University] Hospital to be treated for injuries sustained in the crash. At the hospital, A[ccident] I[nvestigation] D[istrict] Officer James Brown met [Williams], and [Williams] gave his consent for a blood draw. A nurse at Temple Hospital took [Williams'] blood and submitted the blood for analysis to Drug

---

[5] *Id.* at § 3742.1(a)(1).

Scan. [Doctor] Richard Cohn, a forensic toxicologist and pharmacologist [] testified that [Williams'] blood test [] showed 7 nanograms of Delta-9-THC and 35 nanograms of Delta-9-Carboxy-THC, marijuana metabolite. D[octor] Cohn stated that this amount indicated a recent and intentional intake of marijuana, and a toxicologically significant amount. Additionally, he testified that "values between 2 to 5 nanograms are consistent with documentation from the National Institute of Drug Abuse reflective of impairing amounts to consume[.]" He explained that at the time [Williams] drove the car, [Williams] was under the "impairing side effects from the marijuana and was not able to safely operate a motor vehicle on the highway." He noted that someone who was under the influence of marijuana would not be able to drive a motor vehicle safely because

> his clarity of intellect, his judgment, his sense of care and caution, his ability to judge and perceive his surroundings all would be adversely impacted. Marijuana is a potent impairing substance for our cognitive faculties, so all those factors that I just mentioned would be adversely impacted by this concentration of marijuana.

The court noted that the blood test was done approximately 2 hours after the accident.

[Williams] testified . . . that on the night in question, he got picked up from a get[-]together by [] Butts. He noticed that she was "tired" and "under the influence," so he took over driving. [Williams] testified that earlier in the night, about four or five hours before the accident, he was smoking marijuana. When he got to Spring Garden Street, he noticed a car following him. As he went through the light, the car pulled up beside him. [Williams] saw a pistol in the car, so he took off. He testified that he was scared for his life and[,] as such, sped away very fast. As he sped away, [Williams] ran two[ ]red lights. After driving about two or three blocks, [Williams] hit the Acura[.] At the time of the crash, [Williams'] license was suspended.

Trial Court Opinion, 3/12/24, at 3-6 (citations omitted).

On July 4, 2020, Williams was arrested and charged with, *inter alia*,[6] the above-mentioned offenses. On September 19, 2023, Williams proceeded to a non-jury trial, after which the trial court convicted him of the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. On December 7, 2023, the trial court imposed an aggregate sentence of 14-28 years' incarceration. Williams did not file a post-sentence motion. Williams filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Williams now raises the following claim for our review: "Did the trial judge err as a matter of law by allowing verdicts of [h]omicide by [v]ehicle while [DUI] to stand which w[ere] against the weight and sufficiency of [the] evidence?" Brief for Appellant, at 7.

Williams has waived both his sufficiency claim and his weight of the evidence claim. Throughout his total two-pages of argument on these claims, Williams consistently conflates the two issues in violation of our appellate briefing requirements. *See Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019) (appellant waived challenge to weight of the evidence where appellant's brief conflated weight and sufficiency claims and did not otherwise develop weight claim); *Commonwealth v. Widmer*, 744 A.2d 745, 751-52

---

[6] Williams was also charged with two counts each of murder in the third degree, involuntary manslaughter, and various other DUI[-]related offenses, which were all *nolle prossed* prior to trial. *See id.* at 2 (summarizing charges).

(Pa. 2000) (sufficiency of evidence claims are distinct from weight of evidence claims; explaining differences between sufficiency and weight challenges).

Additionally, Williams did not file a post-sentence motion preserving his weight claim or make an oral motion on the record before the trial court. *See* Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."). Moreover, raising the weight claim for the first time in his Rule 1925(b) concise statement, does not revive it. *See Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"); *see also* Pa.R.A.P. 302(a) ("[I]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal.").

Furthermore, Williams' two-page argument fails to cite to any authority beyond boilerplate recitation of case law summarizing this Court's standards of review, where he, again, conflates sufficiency and weight. *See Widmer*, *supra*; *see also* Pa.R.A.P. 2119(a) (providing appellant's arguments shall include "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant's briefing requirements

and duties to "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.").[7] Consequently, we find both of Williams' claims waived, and we afford him no relief.[8]

Judgment of sentence affirmed.

_____

[7] We note with displeasure that, upon initial filing, Appellant's brief only contained half of the page. Additionally, it was only after this Court inquired as to the remainder of the brief that Appellant's counsel, Douglas Dolfman, Esquire, provided us with the omitted pages. Upon receipt of the entire brief it became apparent, as described *supra*, that Attorney Dolfman had failed to adequately address either issue on appeal. Furthermore, we observe that Attorney Dolfman was trial counsel and, thus, he is the same counsel who failed to preserve the above-waived claims.

[8] Moreover, even if Williams' claims were not waived, we would affirm based on the well-reasoned trial court opinion. *See* Trial Court Opinion, 3/12/24, at 3-6, 8-9 (summarizing that Williams was under influence of large quantity of marijuana, operated vehicle at speeds of 85 mph in 35 mph zone, ran several red lights before colliding with Garcia's vehicle, appeared intoxicated when officers responded, and blood test results revealed marijuana in Williams' blood stream). Further, we find Williams' argument that it was his "reckless" driving, not his "impaired" driving, that caused the victims' deaths to be specious, if not outright disingenuous. *See* Brief for Appellant, at 12-14. It is clear from this record that Williams was driving impaired **and** recklessly. *See* Trial Court Opinion, 3/12/24, at 8-9.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/18/2024