J-A18015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW RYAN WHITE | : | |
| | : | |
| Appellant | : | No. 1328 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 10, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000501-2022

BEFORE: OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 20, 2024**

Appellant, Matthew Ryan White, appeals from the October 10, 2023 judgment of sentence entered in the Court of Common Pleas of Clearfield County after the trial court sentenced Appellant to 75 days to 6 months' incarceration to be followed by 18 months' probation. We affirm.

The record reveals that, on March 29, 2022, Appellant was charged, *via* a criminal complaint, with simple assault – attempts to cause or causes bodily injury, harassment – strikes, shoves, or kicks another person, terroristic threats – with intent to terrorize another, harassment – communicates lewd, lascivious, threatening, or obscene words, and expiration and renewal of driver's licenses.[1]  On May 18, 2022, Appellant waived arraignment and

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), 2706(a)(1), and 2709(a)(4), as well as 75 Pa.C.S.A. § 1514(a), respectively.

entered a not guilty plea. On January 20, 2023, the trial court scheduled jury selection for February 6, 2023, and the start of trial for May 2, 2023.

On February 6, 2023, a criminal information was filed against Appellant charging him with the aforementioned criminal offenses. On May 2, 2023, a jury found Appellant guilty of simple assault – caused bodily injury, and not guilty of simple assault – attempted to cause bodily injury, terroristic threats, and harassment – communicates lewd, lascivious, threatening, or obscene words. That same day, the trial court found Appellant guilty of harassment – strikes, shoves, or kicks another person.[2] N.T., 5/2/23, at 210; *see also* Trial Court Order, 5/4/23.

On August 14, 2023, the trial court sentenced Appellant to 3 to 6 months' incarceration to be followed by a consecutive period of 18 months' probation on his conviction of simple assault.[3] For sentencing purposes, Appellant's conviction of harassment merged with his simple assault conviction. On August 24, 2023, Appellant filed a post-sentence motion "to preserve [Appellant's] rights to all post-sentence relief" and requested permission to file an amended post-sentence motion after new counsel had an

---

[2] The trial court granted the Commonwealth's request to withdraw the criminal charge of expiration and renewal of driver's licenses. N.T., 5/2/23, at 211; *see also* Trial Court Order, 5/4/23.

[3] The trial court also ordered Appellant to pay $200.00 to the benefit of Clearfield County, as well as the costs of prosecution. Sentencing Order, 8/18/23. Appellant was ordered to have no contact with the victim or her family. *Id.* Appellant was further ordered to complete an anger management program and to relinquish his firearms and firearm licenses. *Id.*

opportunity to review Appellant's case. Post-Sentence Motion, 8/24/23. The trial court scheduled a hearing on Appellant's post-sentence motion for September 12, 2023. On September 7, 2023, Appellant filed an amended post-sentence motion, requesting, *inter alia*, a modification of his sentence. On September 12, 2023, the trial court entertained argument on Appellant's amended post-sentence motion. On October 10, 2023, the trial court granted Appellant's request to modify his sentence, and imposed a term of incarceration of 75 days to 6 months to be followed by 18 months' probation. This appeal followed.[4]

Appellant raises the following issues for our review:

Did the trial court err by not finding that Appellant's case should have been dismissed under [Pennsylvania] Rule of Criminal Procedure 600, as [Appellant's] trial occurred more than 365 days after the original charges were filed, and the Commonwealth failed to exercise due diligence to bring the case to trial?

Appellant's Brief at 8 (extraneous capitalization omitted).

Appellant, prior to trial, never asserted Rule 600 as grounds for the dismissal of his charges, nor did he claim a violation of Rule 600 in a timely post-sentence motion. Instead, Appellant asserted for the first time in his Rule 1925(b) concise statement that his convictions occurred in violation of Rule 600. **See** Rule 1925(b) Statement, 11/29/23, at ¶1 (stating, Appellant's "case should have been dismissed under [Rule] 600, as the trial occurred more

_____

[4] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

than 365 days after the original charges were filed, and the Commonwealth failed to exercise due diligence to bring the case to trial"); *see also* Appellant's Brief at 17-19 (arguing a Rule 600 violation). Pennsylvania Rule of Appellate Procedure 302(a) states that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, it is well-settled that "[the inclusion of issues] in a [Rule 1925(b) statement] does not revive the issues that were waived in earlier proceedings." *Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006), *appeal denied*, 916 A.2d 1102 (Pa. 2007).

Rule 600(A)(2)(a) states that a trial "in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). "For the purpose of [Rule 600], trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*." Pa.R.Crim.P. 600(A)(1). "When a defendant has not been brought to trial within [365 days from the date the complaint was filed], at any time **before trial**, the defendant's attorney, or the defendant if unrepresented, may file a **written motion** requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be **served on** the attorney for the Commonwealth concurrently with filing." Pa.R.Crim.P.600(D)(1) (emphasis added). Thus, a claim alleging a Rule 600 violation is preserved for purposes of appeal if: a defendant files a written motion **before** trial, requests dismissal of the charges

- 4 -

because of the Rule 600 violation, serves the motion on the Commonwealth, and the trial court denies the motion. **See Commonwealth v. Brock**, 61 A.3d 1015, 1019-1020 (Pa. 2013) (stating that, to preserve a challenge to Rule 600 claim, the motion seeking dismissal pursuant to Rule 600 must be in writing and must be served on the Commonwealth).

A review of the record in the case *sub judice* reveals that Appellant failed to file a Rule 600 motion that requested dismissal of the criminal charges, before his trial commenced.[5]  As such, Appellant waived his Rule 600 claim for failure to raise the claim before the trial court.[6]  Consequently, he may not now raise it for the first time on appeal.[7]  **See** Pa.R.A.P. 302(a).

---

[5] Contrary to Appellant's assertion, it is not the obligation of the trial court to assert a Rule 600 violation on behalf of a defendant.

[6] We note that a claim alleging a Rule 600 violation is separate from, and distinct from, a claim that a defendant's constitutional right to a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, has been violated. **See Commonwealth v. Colon**, 87 A.3d 352, 357 & n.2 (Pa. Super. 2014).

[7] Appellant set forth several claims of ineffective assistance of trial counsel in his Rule 1925(b) statement. **See** Rule 1925(b) Statement, 11/29/23, at ¶¶2-8.  We concur with the trial court that, generally, a defendant may not assert claims of ineffectiveness on direct appeal unless he or she satisfies one of the recognized exceptions to the general rule, and that Appellant, in the case *sub judice*, failed to satisfy one of the recognized exceptions. **See Commonwealth v. James**, 297 A.3d 755, 760-761 & n.3 (Pa. Super. 2023) (discussing the recognized exceptions to the general rule), *appeal denied*, 309 A.3d 691 (Pa. 2023); **see also Commonwealth v. Holmes**, 79 A.3d 562, 577-580 (Pa. 2013); **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018); Trial Court Opinion, 1/4/24, at 4-6.  Therefore, we dismiss Appellant's ineffectiveness claims without prejudice to raise the claims in a timely PCRA petition.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>9/20/2024</u>