J-S42006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY TAYLOR JOHNS | : | |
| | : | |
| Appellant | : | No. 441 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 26, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001065-2020

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: JANUARY 24, 2025**

Zachary Taylor Johns appeals from the judgment of sentence, entered in the Court of Common Pleas of Northumberland County, following his convictions of one count each of simple assault[1] and recklessly endangering another person (REAP).[2]  After review, we affirm.

In light of our disposition, we provide only a truncated factual summary. On August 15, 2020, Johns was tending bar at Rooney's in New Columbia, Northumberland County, where he encountered Stephen Burns, the victim, and Rob Bartlow, Burns' friend.  The three men agreed to go to another bar. During the night, Johns became heavily intoxicated to the point where Burns and Bartlow believed Johns to be incapable of safely driving home.  As a result,

---

[1] 18 Pa.C.S.A. § 2701(a)(2).

[2] *Id.* at § 2705.

Burns, Bartlow, and Johns agreed that Burns would drive Johns home in Johns' vehicle, while Bartlow followed in a separate vehicle. After dropping Johns off, Burns and Bartlow would leave in the second vehicle.

However, during the drive home, the two vehicles got separated, and Burns and Johns began arguing about directions. Additionally, Johns became irrational and believed that Burns was going to rape him. Ultimately, Burns stopped the vehicle, both men exited, and Johns pulled a gun on Burns. Their argument continued, briefly, until Johns shot Burns one time in the stomach. Burns survived but the bullet remains lodged in his torso.

As a result, Johns was charged with the above-mentioned offenses as well as criminal attempt—homicide, aggravated assault, terroristic threats, and disorderly conduct. After numerous continuances and pre-trial filings, Johns proceeded to a jury trial on December 14, 2023. The jury found Johns guilty of simple assault and REAP and not guilty of criminal attempt—homicide, aggravated assault, terroristic threats, and disorderly conduct. The trial court deferred sentencing.

On February 26, 2024, the trial court sentenced Johns to an aggregate period of four months to two years' incarceration. The trial court also ordered that Johns pay fines, fees, costs of prosecution, and imposed restitution in the amount of $20,766.72.

Johns filed a motion challenging the trial court's imposition of restitution. The trial court scheduled a hearing, after which it denied Johns' motion. Johns

file a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Johns raises the following claims for our review:

1. Did the Commonwealth provide evidence beyond a reasonable doubt that [Johns] did not act in self-defense?

2. Was the verdict of guilty on the count of simple assault against the weight of the evidence?

3. Is the jury verdict of guilty on the count of simple assault inconsistent with the verdict of not guilty on [the] counts of attempted murder, aggravated assault, terroristic threats, and disorderly conduct in light of the defense of justification?

4. Did the trial court err when it imposed restitution upon [Johns] when no evidence of restitution was presented at trial?

Brief for Appellant, at 3-4 (unnecessary capitalization omitted).

We conclude that all of Johns' claims are waived as his brief does not comport with our appellate briefing rules. Throughout his entire brief Johns cites only to boilerplate recitations of this Court's standards of review. Johns does not cite to anything in the record that demonstrates preservation of his claims, or any facts to support his claims. *See* Pa.R.A.P. 2119(a) (providing appellant's arguments shall include "such discussion and citation of authorities as are deemed pertinent"); *id.* at (e) ("where under applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth . . . either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c)"). Moreover, Johns does not discuss any

pertinent legal authority that supports his position, instead choosing to make bald assertions throughout his entire argument section. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant must "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Additionally, Johns did not raise his weight claim in his post-sentence motion and, consequently, it is waived on this basis as well. *See* Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."). Moreover, raising the weight claim for the first time in his Rule 1925(b) concise statement does not revive it. *See Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"); *see also* Pa.R.A.P. 302(a) ("[I]ssues not raised in the [trial] court are waived and cannot be raised for

the first time on appeal."). Accordingly, Johns has waived his claims, and we affirm.[3]

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2025

_____

[3] We note with displeasure that Johns' **counseled brief** was so deficient as to waive all of his challenges before this Court. However, this outcome is not the final result for Johns, as he may still seek relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. **See** 42 Pa.C.S.A. § 9545(b)(1) (requiring timely PCRA petition "be filed within a year of the date judgment becomes final"); **id.** at § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review[.]"); **see also id.** at § 9543(a)(1)(i) (PCRA eligibility limited to petitioners serving sentence of imprisonment, probation, or parole). As we have concluded that all of Johns' claims are waived, we make no determination as to whether they are meritorious.