J-S46015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHASE ELLIOTT COMINSKY | : | |
| | : | |
| Appellant | : | No. 126 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 14, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000290-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:            **FILED: FEBRUARY 5, 2025**

Chase Elliott Cominsky appeals from the judgment of sentence, entered in the Court of Common Pleas of Mercer County, following his conviction of one count of theft by deception.[1]  After review, we affirm.

On January 20, 2023, Cominsky and his son, Kayden Cominsky, went to "10 Pin Alley" in Hermitage.  There, they paid for a couple hours of bowling with two counterfeit $100.00 bills that displayed "For Motion Pictures Purposes" and "Not Legal Tender."  The next day, employees of 10 Pin Alley called police, who reviewed surveillance video and identified Cominsky.  On May 12, 2023, the Commonwealth charged Cominsky, via criminal information, with one count each of conspiracy and theft by deception.

_____

[1] 18 Pa.C.S.A. § 3922(a)(1).

On November 6, 2023, Cominsky entered a *nolo contendere* plea to theft by deception, and the charge of conspiracy was *nolle prossed*. The parties indicated that they wished to proceed immediately to sentencing; however, the trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI).

On December 14, 2023, the trial court conducted a sentencing hearing, wherein the Commonwealth recommended a sentence of one year of probation. After hearing arguments, the trial court disagreed with the Commonwealth and sentenced Cominsky, in the standard range, to six to twelve months' incarceration, followed by four years' probation. Additionally, the trial court ordered that Cominsky would be eligible for work release.

On December 21, 2023, Cominsky filed a timely post-sentence motion challenging the discretionary aspects of his sentence and arguing that his co-defendant[2] received a lesser sentence. **See** Motion to Modify Sentence, 12/21/23, at 1-2. That same day, Cominsky filed a notice of appeal, which he withdrew on January 16, 2024, because the trial court had not ruled on his post-sentence motion. On January 22, 2024, the trial court denied Cominsky's post-sentence motion.

Cominsky filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Cominsky now raises the following claims for our review:

---

[2] Kayden was charged as Cominsky's co-defendant and received a one-year probation sentence.

> 1. Whether the trial court exhibited judicial bias towards Cominsky during the plea and/or sentencing proceeding?
>
> 2. Whether the trial court, due to judicial bias, abused its discretion in sentencing Cominsky to a term of incarceration of six [] to twelve [] months, followed by four [] years of probation?

Brief for Appellant, at 4.

First, we conclude that, despite Cominsky's phrasing of his questions involved, he has only raised one challenge on appeal, namely, that the trial court, acting with judicial bias, abused its discretion and violated the fundamental norms of sentencing. *See id.* at 11-13 (Cominsky's Pa.R.A.P. 2119(f) statement alleging substantial question raised where trial court was biased against defendant); *id.* at 14-16 (Cominsky arguing trial court's bias resulted in manifestly excessive and unreasonable sentence). Next, we conclude that Cominsky claim implicates the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Cominsky has filed a timely notice of appeal, a post-sentence motion, and properly included a Rule 2119(f) statement in his brief. However, upon review of Cominsky's post-sentence motion, he did not preserve his challenge that the trial court was biased against him. ***See*** Motion to Modify Sentence, 12/21/23, at 1-2. Rather, Cominsky preserved only a broad challenge that the trial court abused its discretion in sentencing him. ***See id.*** Consequently, we conclude that Cominsky has waived the claim he now raises on appeal. ***See Moury***, ***supra***. Moreover, we observe that this claim appears for the first time in his Rule 1925(b) concise statement, which is an additional basis for waiver. ***See*** Pa.R.A.P. 302(a) ("[I]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Williams***, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"). Accordingly, we affirm Cominsky's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>2/5/2025</u>