J-A08011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON TOUNKARA | : | |
| | : | |
| Appellant | : | No. 1098 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006624-2021

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED MAY 29, 2026**

Devon Tounkara appeals[1] from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions of one count each of rape—forcible compulsion,[2] sexual assault,[3] strangulation,[4]

---

[*] Former Justice specially assigned to the Superior Court.

[1] On July 15, 2025, this Court dismissed Tounkara's appeal for failure to file a brief.  **See** Order, 7/15/25, at 1.  On August 1, 2025, Tounkara filed an application to reinstate his direct appeal, which this Court granted on August 4, 2025.  **See** Order, 8/4/25, at 1.  Tounkara filed a compliant appellate brief on August 31, 2025.

[2] 18 Pa.C.S.A. § 3121(a)(1).

[3] **Id.** at § 3124.1.

[4] **Id.** at § 2718(a)(1).

indecent assault—forcible compulsion,[5] terroristic threats,[6] simple assault,[7] and recklessly endangering another person.[8]  After review, we affirm.

In light of our disposition, a lengthy recitation of the facts is unnecessary.  On July 1, 2021, Philadelphia Police Officer Michael Davis responded to a report of sexual assault at an apartment building on the 500 block of Martin Street in Philadelphia.  Upon arrival, Officer Davis located Tounkara and T.P., the victim, in the stairwell.  T.P. immediately accused Tounkara of raping her.  Officer Davis observed signs of a struggle in T.P.'s apartment, as well as bruising and swelling on T.P.'s face and neck.  As a result, Officer Davis detained Tounkara.  After Tounkara was detained, T.P. made several statements to Officer Davis in her apartment and in the squad car on the way to the police station.  At the police station, T.P. made additional statements to Officer Miquon Wilson, who also photographed T.P.'s injuries.[9]  Ultimately, Tounkara was arrested and charged with the above-mentioned offenses.  A subsequent DNA test revealed that Tounkara's DNA was present

---

[5] *Id.* at § 3126(a)(2).

[6] *Id.* at § 2706(a)(1).

[7] *Id.* at § 2701(a).

[8] *Id.* at § 2705.

[9] We refer to T.P.'s statements to Officers Davis and Wilson as the "hearsay statements."  These statements are more thoroughly set forth in the trial court's opinion.  *See* Trial Court Opinion, 12/31/24, at 1-3.

inside T.P.'s rectum. Relevantly, T.P. refused to testify against Tounkara throughout this case.

On January 18, 2023, the Commonwealth filed a motion *in limine*, in which it requested that it be permitted to present Officers Davis and Wilson's testimony regarding the hearsay statements through the excited utterance exception to the hearsay rule. **See** Motion in Limine, 1/18/23, at 1-4. Tounkara did not file a response. On April 14, 2023, the trial court[10] granted the Commonwealth's motion *in limine* and concluded that all of T.P.'s hearsay statements satisfied the excited utterance exception.

Later that same day, the trial court conducted a non-jury trial, after which it found Tounkara guilty of the above-mentioned offenses. The trial court ordered the preparation of a pre-sentence investigation report, a sexual offender assessment, and deferred sentencing.

On November 3, 2023, the trial court conducted a sentencing hearing and sentenced Tounkara to an aggregate sentence of 8½ to 17 years'

_____

[10] The Honorable Giovanni O. Campbell presided over the pre-trial motions filed in this case. However, the Honorable Zachary Shaffer presided over the trial. Judge Shaffer authored the instant trial court opinion. In light of our disposition, we refer to both judges as the "trial court."

Further, we express our frustration that some of the transcripts from Judge Campbell's motions court have not been provided to us in the certified record. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) (it is appellant's duty to ensure certified record is complete); **see also Commonwealth v. Midgley**, 289 A.3d 1111, 1120 (Pa. Super. 2023) (appellant's failure to include needed item in certified record results in waiver of any claim that requires it).

incarceration, two concurrent terms of 10 years' probation, and lifetime registration under the Sexual Offender Registration and Notification Act.[11] Tounkara filed a timely post-sentence motion, which was denied by operation of law.

Tounkara filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Tounkara now raises the following claim for our review: "Did the trial court err in granting the Commonwealth's motion *in limine* allowing the Commonwealth to admit testimonial hearsay evidence at trial in violation of [Tounkara]'s rights under ***Crawford v. Washington***[,] 541 U.S. 36 (2004) and its Pennsylvania progeny?" Brief for Appellant, at 4 (unnecessary capitalization omitted).

In his brief, Tounkara argues that the trial court erred in concluding the hearsay statements were admissible, while simultaneously conceding that the Commonwealth was correct and the hearsay statements satisfy the excited utterance exception to hearsay. ***See id.*** at 12-16; ***id.*** at 12 (Tounkara conceding T.P.'s hearsay statements were excited utterances).

We conclude that Tounkara waived and abandoned his claims on appeal. First, Tounkara, in his brief, has conceded that the hearsay statements were excited utterances.[12] ***See id.*** at 12. Second, Tounkara raises his ***Crawford*** claim for the first time in his Rule 1925(b) statement. ***See*** Pa.R.A.P.

_____

[11] 42 Pa.C.S.A. §§ 9799.10-9799.42.

[12] In light of our disposition, we make no determination as to whether the hearsay statements satisfied the excited utterance exception.

1925(b)(4)(vii); Pa.R.A.P. 302(a) ("[I]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Williams**, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"). Further, Tounkara does not direct this Court to anywhere in the record where he preserved his **Crawford** claim other than his Rule 1925(b) statement. **See Williams**, **supra**; **see also Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant."). Accordingly, Tounkara has waived and abandoned the only challenge he raises on appeal and, thus, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2026

- 5 -