J-S35045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NOAH SAMUEL STROUP | : | |
| | : | |
| Appellant | : | No. 631 MDA 2025 |

Appeal from the PCRA Order Entered April 10, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001302-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NOAH SAMUEL STROUP | : | |
| | : | |
| Appellant | : | No. 632 MDA 2025 |

Appeal from the PCRA Order Entered April 10, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001356-2019

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: OCTOBER 15, 2025**

Noah Samuel Stroup ("Stroup") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant procedural history as follows:

By way of background, in case 1302-2019, the Commonwealth charged [Stroup] with homicide, criminal attempt homicide, conspiracy to commit robbery, two counts of robbery,

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

and two counts of aggravated assault related to [Stroup] and his co-defendant conspiring to rob the Uni-Mart in the Newberry section of Williamsport and the co-defendant shooting the clerk seriously injuring her and shooting a customer who died as a result.

In case 1356-2019, the Commonwealth charged [Stroup] with robbery (Fl), conspiracy to commit robbery (Fl), persons not to possess a firearm, simple assault, robbery (F2), conspiracy to commit robbery (F2), firearm without a license, theft by unlawful taking, receiving stolen property, conspiracy to receive stolen property and recklessly endangering another person related to other robberies in Lycoming County committed by [Stroup] as part of a conspiracy with the same co-defendant in case 1302-2019.

On March 9, 2022, [Stroup] entered guilty pleas to one count from each case of conspiracy to commit robbery, felonies of the first degree, in exchange for a negotiated aggregate sentence of [ten] to [twenty] years' incarceration in a state correctional institution, consisting of [six] to [twelve] years for conspiracy to commit robbery in case 1302-2019 and [four] to [eight] years for conspiracy to commit robbery in case 1356-2019. On that same date, the court sentenced [Stroup] in accordance with the plea agreement. No post sentence motion or appeal was filed in either case.

On May 6, 2024, [Stroup] filed his *pro se* [PCRA] petition asserting that plea counsel was ineffective for failing to file a requested post[-]sentence motion. [The PCRA court appointed counsel, who filed an amended petition similarly asserting that plea counsel was ineffective for failing to file a post-sentence motion and requesting leave to file a post-sentence motion *nunc pro tunc*. The PCRA court then conducted a hearing on the petition.] [Stroup] acknowledges that his PCRA petition is untimely but asserts that he falls within the newly[-]discovered facts exception to the one-year filing requirement. [Stroup] alleges that he requested his plea counsel to file a post[-]sentence motion five days after sentencing, but counsel failed to file such a motion. He wrote to the court about his post[-]sentence motion and, on July 22, 2022, the court's former law clerk informed him that no post[-]sentence motion had been filed. The law clerk informed [Stroup] that the court could not give [him] legal advice and forwarded his correspondence to plea counsel. [Stroup] alleges that he believed plea counsel still represented him and

- 2 -

would file his post[-]sentence motion (despite the fact that he also acknowledges that his post sentence motion had to be filed with [ten] days of the date the court sentenced him). One year later, [Stroup] spoke to a legal clerk at SCI-Houtzdale, who informed him that the court only had 120 days within which to respond to a post sentence motion. On September 9, 2023[, Stroup] contacted the records department at Houtzdale. [Stroup] subsequently wrote to plea counsel again but did not receive a response. On June 15, 2023, [Stroup] asserts that he wrote to the court and plea counsel.

Opinion and Order, 3/10/25, at 1-2 (footnote and unnecessary capitalization omitted).

On March 10, 2025, the PCRA court issued an opinion and order indicating its intent to dismiss the petition as untimely. In response, Stroup filed a motion for reconsideration. On April 10, 2025, the PCRA court issued an opinion and order denying reconsideration and dismissing the petition. Stroup filed a timely notice of appeal,[2] and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

_____

[2] Stroup had thirty days from the entry of the April 10, 2025 dismissal order in which to file a timely notice of appeal. *See* Pa.R.A.P. 903(a). However, as the thirtieth day fell on a Saturday, Stroup had until the following Monday, May 12, 2025, in which to file his notice of appeal. *See* 1 Pa.C.S.A. § 1908 (providing that, when the last day for a statutory filing deadline falls on a weekend or holiday, the deadline shall be extended until the next business day). Thus, as Stroup filed his notice of appeal on May 12, 2025, it was timely filed.

[3] In lieu of authoring a Rule 1925(a) opinion stating the reasons for the dismissal order, the PCRA court directed this Court to its March 10, 2025 opinion and order, and its April 10, 2025 opinion and order dismissing the petition. *See* Pa.R.A.P. 1925(a)(1).

Stroup raises the following issue for our review: "Did error occur error occur [*sic*] where [Stroup] was denied post-conviction relief despite the fact that trial counsel failed to file a post-sentence motion and/or appeal?" Stroup's Brief at 4 (unnecessary capitalization omitted).[4]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

---

[4] As noted above, in his *pro se* petition and again in his counseled petition, Stroup limited his ineffectiveness claim to counsel's failure to file a post-sentence motion. Stroup did not assert any claim in the PCRA court that plea counsel was ineffective for failing to file a notice of appeal. Instead, he raised this additional claim of ineffectiveness for the first time in his Rule 1925(b) concise statement of errors complained of on appeal. Notably, issues raised for the first time in a concise statement are waived. ***See Commonwealth v. Williams***, 900 A.2d 906, 909 (Pa. Super. 2006) (holding that an issue in a concise statement does not revive issues waived in prior proceedings); ***see also Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (holding that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal and thus waiver cannot be rectified by proffering it in response to a Rule 1925(b) [o]rder"); Pa.R.A.P. 302(a).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, or at the expiration of time for seeking review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, as noted above, the trial court sentenced Stroup at both dockets on March 9, 2022. Stroup had thirty days from that date in which to file notices of appeal. *See* Pa.R.A.P. 903(a). As no appeals were filed, his sentences became final upon the expiration of this thirty-day time period, on April 8, 2022. Stroup then had one year from that date, until April 8, 2023, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As Stroup did not file the instant petition until May 6, 2024, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Strout contends that the PCRA court erred in finding his petition was untimely filed without meeting the newly-discovered fact exception. To satisfy the newly-discovered fact exception, a PCRA petition must allege, and the petitioner must prove, that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented. **See Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id**. at 1071.

Pertinently, our Supreme Court has held that a claim that previous counsel was ineffective is not a newly-discovered fact entitling an appellant to

- 6 -

the benefit of the newly-discovered fact exception. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (holding that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits because a conclusion that previous counsel was ineffective is not the type of after-discovered evidence encompassed by the timeliness exception); *see also Commonwealth v. Lark*, 746 A.2d 585, 589 (Pa. 2000) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar).

In his brief, Stroup acknowledges that his petition is untimely. However, he claims that he is entitled to the exception provided by section 9545(b)(1)(ii) because he believed that prior counsel remained on the cases, and he authored correspondence regarding his cases on June 9, 2023, and June 15, 2023.

The PCRA court considered Stroup's issue and determined that it lacked merit. The court reasoned:

> Stroup did not file his PCRA petition until May 6, 2024. He claims that his petition is timely under the after-discovered facts exception because he did not know that his counsel had abandoned him and failed to file post-sentence motions until he was told by SCI staff that a court only had 120 days within which to decide post-sentence motions. The court cannot agree.
>
> Stroup was aware when he received the letter dated July 26, 2022 (which is attached to his petition) that counsel had not filed a post sentence motion on his behalf. Therefore, his PCRA petition filed on May 6, 2024[,] was filed more than one year after he discovered that no post[-]sentence motion had been filed.

- 7 -

Since Stroup's petition is untimely, the court lacks jurisdiction to hold an evidentiary hearing or to grant him any relief.

Opinion and Order, 3/10/25, at 4-5.

Based on our review, we conclude that the PCRA court lacked jurisdiction to consider the merits of Stroup's petition, albeit for a different reason.[5] As explained above, Stroup argued that his petition satisfied the newly-discovered fact exception because he recently discovered that his trial counsel was ineffective for failing to file a post-sentence motion. However, we reiterate that such an ineffectiveness claim cannot satisfy the newly-discovered fact exception to the PCRA's timeliness requirement. **See Gamboa-Taylor**, 753 A.2d at 785; **see also Lark**, 746 A.2d at 589. Accordingly, we conclude that Stroup's petition failed to satisfy the newly-discovered fact exception to the PCRA's one-year time bar.

Given on our determination that Stroup failed to satisfy any exception to the PCRA's one-year time bar, we conclude that the PCRA court lacked jurisdiction to consider the merits of the issues raised in his petition. Likewise, this Court lacks jurisdiction to consider the merits of the issues raised in Stroup's untimely petition. **See Commonwealth v. Cox**, 146 A.3d 221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have

_____

[5] This Court may affirm a PCRA court's order on any legal basis supported by the certified record. **See Commonwealth v. Parker**, 249 A.3d 590, 595 (Pa. Super. 2021).

jurisdiction to reach the merits of the issue[s] . . . raised therein"). Thus, we affirm the PCRA court's order dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

<u>Benjamin D. Kohler</u>

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/15/2025</u>